## CITY OF DAWSON *v.* THORNTON.

FISH, C. J. 1. The extent to which a municipality may constitutionally go in enacting ordinances in regard to a public weigher is a question which need not be determined in this case.

2. An ordinance passed by the municipal authorities of the City of Dawson, after creating the office of public weigher, provided as follows: "It shall be the duty of said public weigher, in all cases of disagreement between seller and buyer, to weigh all cotton and other products sold by weight, when requested to do so, and give his certificate for the same." This provision did not undertake to compel all persons who bought or sold cotton or other produce to have the same weighed by the public weigher, or to prohibit warehousemen and cotton-buyers from employing an agent or clerk to weigh cotton in cases not falling within the duty of the public weigher as above defined.

3. While the penal portion of the ordinance employs some broad language, it must be construed in connection with its object, which was to prevent interference with the discharge of his duty by the public weigher. The ordinance provides for weighing by the public weigher only in cases of disagreement between seller and buyer, when he is requested to weigh. If the penal section were construed to impose a punishment on any clerk or other person for weighing cotton under any circumstances, or in any capacity, without having been legally elected to the office of public weigher, it would seem that such provision would be invalid.

4. Under the pleadings and the evidence in the case, there was no abuse of discretion in granting the injunction. ·

*Judgment·affirmed.   All the Justices concur.*

MAY 11, 1910.

Injunction.   Before Judge Worrill.   Terrell superior court. September 13, 1909.

*W. H. Gurr* and *H. A. Wilkinson,* for plaintiff in error.

*J. A. Laing* and *M. C. Edwards,* contra.